## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN YOUNG, #R31071, ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00868-JPG |
| ) | |
| JANE DOE, ) | |
| JANE DOE, and ) | |
| DR. SIDDIQUI, ) | |
| ) | |
|       **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John Young, an inmate of the Illinois Department of Corrections currently incarcerated at Hill Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims related to medical care while he was incarcerated at Menard Correctional Center. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

A Complaint must comply with Federal Rule of Civil Procedure 8 by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the Rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)

(citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Further, to state a claim, a plaintiff must describe what each defendant did or failed to do that violated his constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (28 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault).

Plaintiff's Complaint fails to state a claim for relief. The statement of claim refers to encounters for medical care with med-tech Susan, med-tech Nicole, med-tech Tonya, the cellhouse med-tech, the doctor, and Dr. Siddiqui. (Doc. 1, p. 6). The defendants named in the case caption include two Jane Does and Dr. Siddiqui. (*Id.*, p. 1). It is unclear which of the med-techs are intended as the two Jane Doe defendants. Additionally, while it appears Plaintiff is attempting to make an Eighth Amendment deliberate indifference claim, he fails to state how Dr. Siddiqui was deliberately indifferent to a serious medical need. *See Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017) (an Eighth Amendment claim for deliberate indifference to a serious medical need requires a plaintiff to show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition). Plaintiff describes medical care provided by Dr. Siddiqui on two occasions but does not allege any deficiencies in the care, that any care was improper, or that any care was denied. (*Id.*, p. 6).

Further, the Complaint does not include a demand for relief. Plaintiff used the civil rights complaint form approved for use in this judicial district. The request for relief section of the Complaint (Doc. 1, p. 7) is blank and there is not a demand for relief elsewhere in the Complaint.

For the stated reasons, the Complaint will be dismissed without prejudice. Plaintiff will be granted leave to file a First Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before November 28, 2019. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00868-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 31, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
