# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN YOUNG, #R31071, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00868-JPG |
| JANE DOE 1, JANE DOE 2, and DR. SIDDIQUI, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff John Young's Amended Complaint filed November 27, 2019. (Doc. 11). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center ("Menard") when he was denied medical care for a urinary tract infection by Jane Doe 1 ("Nurse Susan"), Jane Doe 2 ("Nurse Tanya"), and Dr. Siddiqui in July 2017. (*Id*. at pp. 1-11). Plaintiff seeks money damages from the defendants. (*Id*. at p. 6).

The Amended Complaint (Doc. 11) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Amended Complaint survives screening under this standard.

1

**Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 11, pp. 9-11): For more than a week in early July 2017, Plaintiff suffered from extreme pain in his lower left side and blood in his urine. He was eventually diagnosed with a urinary tract infection and treated for the condition. However, he blames the defendants for deliberately delaying his treatment and unnecessarily prolonging his pain. (*Id*.).

Two days after his symptoms developed, Plaintiff's work supervisor escorted him to Menard's health care unit ("HCU") for emergency treatment on July 5, 2017. However, Nurse Susan refused to treat Plaintiff on an emergency basis even after learning of his symptoms. She told him to submit a nurse sick call slip instead. After submitting several, Nurse Nicole sent Plaintiff to see Dr. Siddiqui and Nurse Susan on July 7, 2017. Suspecting a kidney stone, Dr. Siddiqui tested Plaintiff's urine for blood and ordered x-rays. Although his urine tested positive for blood, Plaintiff's x-rays showed no kidney stones. Dr. Siddiqui nevertheless gave Plaintiff a strainer to catch any stones that passed and ibuprofen for pain. Plaintiff continued to complain of increasing pain in his side and thickening blood in his urine. By July 9, 2017, he could no longer stand to urinate. By July 11, 2017, he described the pain as a "20" on a pain scale of "1 to 10." (*Id*.). Despite his complaints, Nurse Tanya insisted that his situation did not present an emergency and delayed his treatment another day. Plaintiff was ultimately treated for a urinary tract infection, with antibiotics and pain medication, on July 12, 2017. (*Id*.).

**Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of his claim but does not name them as defendants in the Amended Complaint: Nurse Nicole, Aaron Walters, Michael Crawford, and C/O Brushear. (Doc. 11, p. 9). The Court will not treat these individuals—or anyone else

who is not explicitly named in the case caption and/or list of parties—as defendants. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Any claims against them should be considered **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates a single claim in this *pro se* action:

**Count 1:** Defendants Jane Doe 1 (Nurse Susan), Jane Doe 2 (Nurse Tanya), and Dr. Siddiqui exhibited deliberate indifference to Plaintiff's serious medical condition, when they delayed treatment for his urinary tract infection until July 12, 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

An Eighth Amendment claim for the denial of medical care requires a plaintiff to show that (1) he suffered from an objectively serious medical condition; and (2) each defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). A condition that significantly affects an individual's daily activities or involves chronic and substantial pain, such as a urinary tract infection, is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Defendants Doe 1, Doe 2, and Siddiqui's decision to delay treatment for the condition supports a claim of deliberate indifference against them at screening—particularly where the delay coincided with increased blood in the urine and crippling pain. Count 1 shall receive further review against Defendants Jane Doe 1, Jane Doe 2, and Dr. Siddiqui.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against Jane Doe 1 (Nurse Susan) and Jane Doe 2 (Nurse Tanya).  Before service of the Amended Complaint can be made on them, the unknown defendants must be properly identified.  *See Rodriguez*, 577 F.3d at 832.  The Clerk of Court shall be directed to add Dr. Siddiqui (official capacity) as a defendant, and Dr. Siddiqui shall be responsible for responding to discovery aimed at identifying both unknown defendants.  Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and throughout the Amended Complaint.

### Disposition

**IT IS ORDERED** that the individual capacity claims in **COUNT 1** will proceed against Defendants **DR. SIDDIQUI** and, once identified, **JANE DOE 1 (NURSE SUSAN)** and **JANE DOE 2 (NURSE TANYA)**.  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk of Court is **DIRECTED** to **ADD DR. SIDDIQUI (official capacity)** as a defendant for purposes of responding to discovery aimed at identifying Jane Doe 1 and 2 with particularity.  **The Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendants **JANE DOE 1** (once identified), **JANE DOE 2** (once identified), and **DR. SIDDIQUI**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 11), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within

30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/6/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**