**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN YOUNG, #R31071, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00868-JPG |
| | ) |
| JANE DOE 1, | ) |
| JANE DOE 2, | ) |
| and DR. SIDDIQUI, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Defendant Dr. Siddiqui's Motions to Dismiss filed April 6, 2020. (Docs. 19 and 21). The underlying action involves a single Eighth Amendment claim against Dr. Siddiqui, Jane Doe 1 (Nurse Susan), and Jane Doe 2 (Nurse Tanya) for treating Plaintiff's urinary tract infection with deliberate indifference in July 2017. (Doc. 11). Dr. Siddiqui seeks dismissal of the claim as being time-barred (Doc. 19) and unsupported by the allegations in the First Amended Complaint (Doc. 21). For the reasons explained below, Dr. Siddiqui's first motion shall be denied, and his second motion shall be granted.

### BACKGROUND

On August 8, 2019, Plaintiff John Young filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center when he was denied medical care for a urinary tract infection by Jane Doe 1 (Nurse Susan), Jane Doe 2 (Nurse Tanya), and Dr. Siddiqui in July 2017. (Doc. 1, p. 6). The Complaint did not survive screening, and Plaintiff was granted leave to file a First Amended Complaint. (Doc. 9).

1

In the First Amended Complaint filed November 27, 2019, Plaintiff alleges that he suffered from pain in his lower left side and blood in his urine for a week in July 2017. (Doc. 11). He was eventually diagnosed with a urinary tract infection and treated for the condition. However, he blames the defendants for delaying proper treatment and unnecessarily prolonging his pain. (*Id.*).

Two days after his symptoms developed, Plaintiff's work supervisor escorted him to Menard's health care unit for emergency treatment on July 5, 2017. (Doc. 11). However, Nurse Susan refused to treat him on an emergency basis and instructed him to submit a nurse sick call slip instead. After he submitted several, Nurse Nicole set up an appointment with Nurse Susan and Dr. Siddiqui on July 7, 2017. Suspecting a kidney stone, Dr. Siddiqui ordered x-rays and tested Plaintiff's urine for blood. Although his urine tested positive for blood, Plaintiff's x-rays showed no kidney stones. Dr. Siddiqui nevertheless gave Plaintiff a strainer to catch passing stones and ibuprofen to treat his pain. Plaintiff continued to complain of increasing pain in his side and thickening blood in his urine. By July 9, 2017, he could no longer stand to urinate. By July 11, 2017, he described the pain as a 20 on a pain scale of 1 to 10. Despite his complaints, Nurse Tanya insisted he was not facing an emergency and delayed his treatment for another day. On July 12, 2017, Plaintiff was treated for a urinary tract infection with antibiotics and pain medication. (*Id.*).

Following preliminary review of the First Amended Complaint (Doc. 11) under 28 U.S.C. § 1915A, the Court identified a single Eighth Amendment claim against Defendants Jane Doe 1 (Nurse Susan), Jane Doe 2 (Nurse Tanya), and Dr. Siddiqui for responding to Plaintiff's urinary tract infection with deliberate indifference for a week in July 2017. (Doc. 12). The Court allowed Count 1 to proceed against all three defendants. (*Id.*).

In lieu of an Answer to the First Amended Complaint, Dr. Siddiqui filed a Motion to Dismiss Count 1 as Time-Barred (Doc. 19) and a Motion to Dismiss Count 1 for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) (Doc. 21).  Dr. Siddiqui contends that Plaintiff's claim is barred by the statute of limitations applicable to the claim or, alternatively, unsupported by the allegations in the First Amended Complaint.  (*Id.*).  Plaintiff filed a Response, in which he objected to both motions and argues that Dr. Siddiqui's delay in proper diagnosis and treatment amount to deliberate indifference that violates the Eighth Amendment.  (Doc. 32).

## LEGAL STANDARD

The purpose of a motion to dismiss filed under Rule 12(b)(6) is to decide the adequacy of the complaint.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In order to survive a Rule 12(b)(6) motion, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

### A.      Statute of Limitations (Doc. 19)

The statute of limitations for Section 1983 actions in Illinois is two years.  *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019).  This limitations period applies to a claim of medical

deliberate indifference arising under the Eighth Amendment.  *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017).  Dr. Siddiqui argues that Plaintiff filed this lawsuit more than two years after the doctor treated him, and he seeks dismissal of the suit as being time-barred.

In the First Amended Complaint, Plaintiff mentioned a single encounter with Dr. Siddiqui on July 7, 2017, when the doctor ordered testing to rule out kidney stones, a strainer to catch passing stones, and ibuprofen for pain.  (Doc. 11).  In the original Complaint,  Plaintiff also alleged that Dr. Siddiqui met with him a second time on July 12, 2017, and referred Plaintiff to an outside hospital for diagnosis and treatment of his urinary tract infection.  (Doc. 1).  According to the doctor, it was no later than December 12, 2017, that Plaintiff's claim accrued because he became aware of his exact injury when he was sent to the hospital for treatment on that date.  *See Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016) (Where a prisoner is unaware of his injury on the last date of a constitutional violation, his claim accrues when "the plaintiff has enough information to suspect, or a reasonable person would suspect, that the injury had a doctor-related cause.").  Because Plaintiff filed this lawsuit almost twenty-five months later, Dr. Siddiqui argues that his claim is time-barred.

Dr. Siddiqui fails to address the impact of exhaustion on the limitations period.  For a medical deliberate indifference claim, the two-year limitations period begins to run on the date the inmate exhausts his administrative remedies with respect to that claim.  *Hoban v. Anderson*, 688 F. App'x 385, 388 (7th Cir. 2017).  Plaintiff alleges that he completed the grievance process and produced documentation demonstrating his efforts to exhaust his administrative remedies from August 6, 2017 until November 15, 2017.  (*See* Doc. 1, pp. 4-5; Doc. 11, pp. 4-5, 7-11).  He signed the original Complaint on August 1, 2019, and mailed it to the Court on August 5, 2017.  (Doc. 1, pp. 7-8).  These documents suggest that Plaintiff timely filed this action less than two years after

exhausting his administrative remedies.  (Doc. 11).  Therefore, Dr. Siddiqui's Motion to Dismiss Count 1 as Time-Barred (Doc. 19) shall be **DENIED**.

**B.** **Failure to State a Claim (Doc. 21)**

In the Motion to Dismiss for Failure to State a Claim, Dr. Siddiqui argues that Plaintiff puts forth insufficient allegations in the First Amended Complaint to support a deliberate indifference claim against the doctor.  (Doc. 21).  An Eighth Amendment claim for the denial of medical care requires a plaintiff to show that (1) he suffered from an objectively serious medical condition; and (2) each defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).  A condition that significantly affects an individual's daily activities or involves chronic and substantial pain, such as a urinary tract infection, is considered objectively serious.  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  The Court found that the original Complaint and First Amended Complaint at least suggest that Dr. Siddiqui may have responded to Plaintiff's urinary tract infection with deliberate indifference when allowing him to suffer pain for five days before sending him to a hospital. (Doc. 12).

However, a review of this matter leads the Court to a different conclusion.  Dr. Siddiqui's decision to follow a diagnostic and treatment course that missed the mark for five days does not constitute deliberate indifference.  On July 7, 2017, he rule out kidney stones and treated Plaintiff's pain.  When Dr. Siddiqui learned that this course of treatment was ineffective on July 12, 2017, the doctor sent Plaintiff to a hospital for prompt treatment.  It worked.  Plaintiff's urinary tract infection was properly diagnosed and treated the same day.  Given these facts in the Complaint and First Amended Complaint, the Court finds that Dr. Siddiqui's treatment of Plaintiff's condition

did not amount to deliberate indifference.  Accordingly, Count 1 shall be **DISMISSED with prejudice** against Dr. Siddiqui.

## DISPOSITION

**IT IS ORDERED** that Defendant Dr. Siddiqui's Motion to Dismiss Count 1 as Time-Barred (Doc. 19) is **DENIED**, and Defendant Dr. Siddiqui's Motion to Dismiss Count 1 for Failure to State a Claim (Doc. 21) is **GRANTED**.  **COUNT 1** is **DISMISSED** with prejudice against Defendant **SIDDIQUI**.  The Clerk's Office is **DIRECTED** to **TERMINATE** Doctor Siddiqui as a defendant in CM/ECF.

**IT IS ORDERED** that **COUNT 1** shall only proceed against **JANE DOE 1 (Nurse Susan)** and **JANE DOE 2 (Nurse Tanya)** once they are properly identified in a Motion for Substitution of Defendant(s) filed by Plaintiff.  To assist in their identification, the Clerk's Office is **DIRECTED** to **ADD** the **WARDEN of MENARD CORRECTIONAL CENTER (official capacity only)** for purposes of responding to discovery aimed at identifying Jane Doe 1 (Nurse Susan) and Jane Doe 2 (Nurse Tanya).  The Warden need only file an appearance in this matter and need not answer the First Amended Complaint.  Once the warden appears, the Court will enter an Initial Scheduling Order with instructions and deadlines for identifying the two unknown nurses.

**IT IS SO ORDERED.**

**DATED:  December 16, 2020**             s/J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **United States District Judge**