UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00868-GCS |
| | ) |
| SUSAN KIRK, and TONYA SMITH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff John Young, *pro se*, brought suit against former defendant the Warden of Menard Correctional Center pursuant to 42 U.S.C. § 1983 on August 8, 2019. (Doc. 1). In his complaint, Plaintiff alleged that he was not provided medical care during visits to the Menard Correctional Center Health Care Unit in June and July 2017. *See* (Doc. 12). Plaintiff attached copies of his exhausted grievances to his complaint, which showed that he exhausted his administrative remedies by November 15, 2017. (Doc. 1). However, on October 31, 2019, after preliminary review pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's complaint for failure to state a claim. (Doc. 9). Plaintiff accordingly filed an amended complaint on November 27, 2019, adding former defendant Dr. Siddiqui and "Jane Doe 1" and "Jane Doe 2." (Doc. 11). This complaint survived screening on February 6, 2020. (Doc. 12). The Court dismissed the claims against Dr. Siddiqui for failure to state a claim on December 16, 2020. (Doc. 35).

On April 16, 2021, Plaintiff identified Defendant Susan Kirk as "Jane Doe 1." (Doc. 47). Plaintiff then identified Defendant Tanya Smith as "Jane Doe 2" on June 23, 2021. (Doc. 57). Now before the Court are Defendant Smith's and Defendant Kirk's motion to dismiss under the statute of limitations. (Doc. 87, 93). For the reasons delineated below, the motions to dismiss are **GRANTED.**

## LEGAL STANDARDS

Both Defendants Smith and Kirk raise the statute of limitations as an affirmative defense in their answers; accordingly, the Court interprets the defendants' motions to dismiss as motions for judgment on the pleadings. *See* (Doc. 64, 80). *See also* FED. R. CIV. PROC. 12(b)(stating that a motion asserting, *inter alia*, a motion to dismiss, "must be made before a responsive pleading if a responsive pleading is allowed"). When determining whether to dismiss a complaint on the basis of a defendant's affirmative defense, the appropriate standard to apply is outlined in Rule 12(c), rather than Rule 12(b). *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)(citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)). Rule 12(c) governs judgment on the pleadings. *See* FED. R. CIV. PROC. 12(c). However, the standard for judgment on the pleadings under Rule 12(c) is the same as that outlined for a motion to dismiss under Rule 12(b). *See Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). "When the existence of a valid affirmative defense is so plain from the face of the complaint" that there is no means for the plaintiff to state a claim, the Court may grant relief and dismiss the suit. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

When considering whether an amended pleading would survive a motion to dismiss, this Court determines whether a complaint includes enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). In order to satisfy this standard, the factual allegations within a complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 554-555. In evaluating a motion to dismiss, the Court will assume the complaint's allegations are true, even if factually dubious. *Id. See also Warth v. Seldin*, 422 U.S. 490, 501 (1975)(noting that trial courts are to construe the complaint in favor of the complaining party).

Although courts are to evaluate the complaint in the light most favorable to the non-moving party, courts "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rule 8 of the Federal Rule of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555; quoting FED. R. CIV. PROC. 8(a)(2)). A court must therefore "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). Such plausible claims for relief also include a valid theory of liability. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)(citing *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061 (7th Cir. 1979)).

## ANALYSIS

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is the state's period for personal injury torts. *See Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILL. COMP. STAT. § 5/13-202. Although Plaintiff first brought suit in 2019 for events he alleges occurred in June and July 2017, *see* (Doc. 11), he did not identify either defendant until 2021, well outside the statute of limitations for Plaintiff's § 1983 claim. *See* (Doc. 47, 58). *See also Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016)(stating that where a prisoner is unaware of his injury on the last date of a constitutional violation, his claim accrues when "the plaintiff has enough information to suspect, or a reasonable person would suspect, that the injury had a doctor-related cause"). The issues are therefore: (i) whether Plaintiff's naming of Defendants Kirk and Smith as one of the "Jane Does" in his initial complaint "relates back" under Federal Rule of Civil Procedure 15(c); or, if not, (ii) whether the doctrine of equitable tolling excuses Plaintiff's untimely amendment.

Under Federal Rule of Civil Procedure 15, an amended complaint against a newly-named defendant must meet three criteria in order to relate back to the initial complaint: (i) the claim against the newly-named defendant must have arisen out of the same transaction or occurrence set out in the original pleading; (ii) within the 120-day period following the complaint's filing, the newly-named defendant must have received notice sufficient to avoid prejudice in defending the case on the merits; and (iii) within the same period, the newly-named defendant knew or should have known that the action would

be brought against him, but for "a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010)(citing FED. R. CIV. PROC. 15(c)(1)(B) & (c)(1)(C)(ii)). The Seventh Circuit has recently resolved a prior circuit split regarding whether the naming of a "John Doe" defendant constitutes a "mistake" for the purposes of relating back: it does not. *See Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). Instead, when a plaintiff substitutes a properly-named defendant previously notated by the "John Doe" placeholder outside of the two-year statute of limitations, a court must find that the plaintiff's claims against that defendant are time-barred. *Id.* at 495. As the use of a "John Doe" signifier when a defendant's name is unknown is not a mistake concerning the proper party's identity under the *Krupski* relation-back test, Plaintiff's untimely identification of Defendants Smith and Kirk cannot relate back to the original complaint under Rule 15.

There is likewise no indication that equitable tolling applies in this case. As Plaintiff's naming Defendants Kirk and Smith is time-barred, dismissal is appropriate in this case. For example, the statute of limitations is equitably tolled while an inmate exhausts their administrative remedies. Filing a lawsuit may also extend the equitable tolling period in certain circumstances. *See McCarthy v. AT&T Mobility Servs. LLC,* No. 17 C 1122, 2017 WL 6570466, at *3 (N.D. Ill. Dec. 21, 2017). For a medical deliberate indifference claim, specifically, the two-year limitations period begins to run on the date the inmate exhausts his administrative remedies with respect to that claim. *See Hoban v. Anderson*, No. 16-1246, 688 Fed. Appx. 385, 388 (7th Cir. May 5, 2017). Plaintiff alleges that he completed the grievance process and produced documentation demonstrating his

efforts to exhaust his administrative remedies from August 6, 2017 until November 15, 2017. *See* (Doc. 1, pp. 4-5; Doc. 11, pp. 4-5, 7-11). These documents, attached to Plaintiff's complaint and amended complaint, indicate that Plaintiff exhausted his administrative remedies and triggered the statute of limitations approximately four years before adding Defendants Smith and Kirk to the case, making his complaint against them time-barred. Furthermore, Plaintiff signed his original complaint on August 1, 2019 and mailed it to the Court on August 5, 2019. (Doc. 1, pp. 7-8). However, in the Seventh Circuit, lawsuits dismissed without prejudice are treated as if they were never filed for the purposes of the statute of limitations. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). The tolling effect of filing suit is therefore extinguished until the plaintiff re-files. *See McCarthy*, 2017 WL 6570466, at *3. The Court previously dismissed Plaintiff's complaint without prejudice after screening pursuant to 28 U.S.C. § 1915A. (Doc. 9). Plaintiff did not re-file suit until November 27, 2019. (Doc. 11). This date is approximately twelve days after the two-year deadline when Plaintiff exhausted his administrative remedies on November 15, 2017. (Doc. 11, p. 7). Accordingly, Plaintiff's complaint is time-barred, and dismissal of Defendants Smith and Kirk is appropriate.

## CONCLUSION

For the above-stated reasons, Defendant Smith's and Defendant Kirk's motions to dismiss are **GRANTED.** (Doc. 87, 93). The Clerk of the Court is directed to enter judgment in favor of defendants and to close the case.

**IT IS SO ORDERED.**

**DATED:  May 24, 2022.**

Digitally signed
by Judge Sison 2
Date: 2022.05.24
11:54:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**